UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN DENISE WALKER,<br>    Plaintiff,<br>  v.<br>CA EMPLOYMENT DEVELOPMENT DEPT.,<br>    Defendant. | Case No. 17-cv-00071-JCS<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 11 |

Plaintiff Colleen Denise Walker, pro se and in forma pauperis, filed this action alleging employment discrimination by her former employer, the California Employment Development Department ("EDD"). Walker amended her complaint once before the Court had reviewed its sufficiency, and the Court thereafter dismissed her first amended complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. *See* Order Dismissing Am. Compl. (dkt. 10).[1] In that order, the Court held that "it is not enough for Walker to merely assert that her treatment at EDD was improperly motivated by" her membership in a protected class, i.e., "her race, her fiancé's national origin, or by her status as a veteran—she must explain what happened that supports that conclusion" in order the satisfy the pleading standard of plausibility articulated by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2008). Order Dismissing Am. Compl. at 11. The Court granted Walker leave to amend her complaint if she was "aware of facts supporting the conclusion that her treatment at EDD was motivated by her membership in a protected class." *Id.*

Walker has now filed a second amended complaint (dkt. 11), and the Court now reviews that complaint to determine whether it states a claim on which relief may be granted. *See* 28

---

[1] *Walker v. CA Emp't Dev. Dep't*, No. 17-cv-00071-JCS, 2017 WL 1246993 (N.D. Cal. Apr. 5, 2017).

U.S.C. § 1915(e)(2)(B); *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). The second amended complaint asserts a claim under the Title VII of the Civil Rights Act of 1964 that Walker was subject to discrimination on the basis of her fiancé's Iranian national origin. 2d Am. Compl. ¶¶ 3, 9. The second amended complaint does not, however, add any factual allegations to support the conclusion that Walker's fiancé's national origin was the cause of her alleged mistreatment.

As noted in the Court's previous order, "a Title VII plaintiff must generally present 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such action was based upon race or another impermissible criterion.'" Order Dismissing Am. Compl. at 8 (quoting *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004)). Because Walker has not presented any factual allegations supporting an inference that any adverse action was based on her fiancé's national origin, or on any other "impermissible criterion" under Title VII, her complaint must once again be dismissed for failure to state a claim. In light of Walker's failure to resolve the deficiencies identified in the previous order, the Court finds that further amendment would be futile, and hereby DISMISSES this action without leave to amend.[2]

The case management conference previously set for June 30, 2017 is hereby VACATED, and the Clerk is instructed to close the file.

**IT IS SO ORDERED.**

Dated: June 27, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] Walker has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).